### GAIL and another *v.* WACKERBARTH and another.[1]

*(Circuit Court, E. D. Louisiana.* June 16, 1886.)

TRADE-MARKS—IMITATION OF OTHER GOODS—INJUNCTION.

Parties will be restrained by injunction from putting up goods in packages in imitation of others in the trade, calculated to deceive the buying public, and to defraud the original users of such packages; but such imitation must be sufficiently close to have that effect, or the injunction will be refused.

On Motion for Injunction *Pendente Lite.*
*Joseph P. Hornor*, for complainant.
*J. R. Beckwith*, for defendant.

PARDEE, J. There is no one characteristic or mark common to the packages of tobacco of complainants and defendants that either one can have an exclusive right to. There remains, then, but the question whether the defendants' packages, in form, size, color, lettering, and marks, combined, are made in imitation of complainants' packages, and are calculated to deceive the buying public, and thus defraud the complainants of their rights. The form and size or shape of the defendants' packages are identical with complainants', but this shape is the common one, and of long standing for all manufacturers of the article, and seems to be required to meet the stamp act of the government, and for convenient handling by consumers; the shape being oblong, about five and a half inches by two and a half inches, and one and a quarter inches thick,—a package easily placed in the pocket. The common color is blue, but they are of decidedly different shades, and, if color is an object to the purchaser, the defendants' packages could not be easily passed off to a purchaser who desired complainants' goods. The only common lettering is the word "Navy," and in this there is a great similarity. The size of the letters and the circular form are very similar. There are no common or similar marks except that each has a black border or fringe on the face, but similar only in general appearance. Both packages show lead foil at the ends as an outside wrapper. The packages of each have a distinct and prominent trade-mark on the face of the package, but there

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

is no similarity; the defendants' mark being a naked muscular arm, holding a heavy hammer poised for striking, while the complainants' mark is the letter "G" inclosing a tomahawk in a diamond background, with the words "Trade-mark" under the letter "G." Over the defendants' trade-mark is the word "Union" in plain, prominent letters, while over the complainants' mark are the words "Smoke" and "Chew" in a sort of script. By inspection of the packages in evidence, I can see no improper imitation, unless it is in the color and in the shape given to the word "Navy." The showing made by the answer and exhibits clearly meets the complainants' bill and affidavits as to intended imitation and fraud, and as to effect on trade.

As the case stands at present, I am compelled to refuse the injunction prayed for.